# EXHIBIT V

## AFFIDAVIT OF TED THIMONS, EA

Under penalties of perjury, I attest the statements below are truthful and accurate to the best of my knowledge and belief:

1. My name is Ted Thimons. I am a partner in the accounting firm of Thimons Lunardi & Associates, located at 4073 William Flynn Hwy, Allison Park, PA, 15101.

2. I am an Enrolled Agent with over 30 year of experience and I have never been cited by the IRS.

3. I have personally known and assisted Robert W. Junke and Toni L. Hill (the "Taxpayers") with the preparation of their tax returns since 1992.

4. In May of the year 2000, I met with Robert W. Junke ("Bob"). He informed me that he was considering ending his business relationship with Provant. At that time, he was considering embarking on a new business venture to develop and create his own sales training methodology materials, which is the current business he is in today.

5. During this meeting:

   a. Bob expressed concerns to me that he and his wife would be exposed to significant legal risks by ending their business relationship with Provant, since they were embarking on a similar business venture on their own and using a sales training methodology that was developed, in part, during his years he was affiliated with Provant. Bob expressed the need to protect himself, his wife and their assets from potential litigation that could result from their "break up" with

Page 1 of 3

USA-0004237

Provant and becoming a licensor of their own sales methodology. At the time, the Taxpayers business created a lot of income for Provant.

    b. We discussed transitioning their existing business into a structure that could protect their assets as well as operate internationally.

    c. To resolve these issues, Bob informed me they had been in contact with a foreign trust expert in the UK and his attorney about their business issues and were considering a new structure for their business.

    d. Bob specifically informed me about the foreign trust he planned to structure. He specifically asked me how the various structures he was considering would work from a tax perspective. I advised him that the structure would simply be a "pass-through" for tax purposes and all income would be taxable in the United States.

    e. During this meeting we did not discuss any other filing requirements provided under the Internal Revenue Code or the US Bank Secrecy Act.

6. In 2001, Bob informed me that they were finally ready to terminate their relationship with Provant, because at the time, they were about to receive their payment for the 2% interest in Solution Selling.

7. During this 2001 meeting, Bob and I again discussed asset protection and their corporate structure for the new venture.

8. Since they had been advised by competent legal counsel, I did not provide further direction regarding the LLC structure they were creating. I advised the Taxpayers to

USA-0004238

consult their attorney to discuss and confirm whether the LLC would sufficiently protect their assets, because at this time, the LLC was a newer type of entity in the United States.

9. I did not formally review the actual trust structure (i.e., documents, trust agreement, etc.) because Bob Junke was working with other professionals to set up the structure. I was aware that they had clients from overseas and operated their business outside the United States. The Taxpayers and I never discussed distinguishing between their foreign and domestic sales because all income from their business was reported and taxable in the United States. The foreign income from their business was always included in their personal returns.

10. I did not advise the Taxpayers about FBAR filing requirements or any other tax related filing requirements or obligations because at the time I was unaware of these requirements. Further, I was unaware of the specific type of assets held in the trust. The investment income from these financial assets was not included in the taxpayer's tax return until we filed amended returns.

11. I subsequently became aware that the Taxpayers had become aware of their filing obligations related to offshore financial account holdings and retained the firm of Kostelanetz and Fink in New York City to represent them in their disclosure of these assets to the IRS. I prepared amended tax returns for them and other related filings. To the best of my knowledge and belief they are now in full compliance with all of their tax and Bank Secrecy Act obligations.

I sign this document under penalties of perjury.

Ted Thimons, EA

7-3-2018
Date

Page 3 of 3

USA-0004239